**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X   Case No. 20-cv-3835
SHADAE HANSON,

                      Plaintiff,   **COMPLAINT**

      - against -

                                       **PLAINTIFF DEMANDS**
P HENDEL PRODUCTS PARTNERSHIP d/b/a     **A TRIAL BY JURY**
MCDONALD'S RESTAURANT, and [FIRST
NAME] BOUZY, individually,

                    Defendants.
-----------------------------------------------------------------------X

SHADAE HANSON ("Plaintiff"), by and through her attorneys, PHILLIPS & ASSOCIATES, PLLC, against P HENDEL PRODUCTS PARTNERSHIP d/b/a MCDONALD'S RESTAURANT ("HENDEL") and [FIRST NAME] BOUZY ("BOUZY"), individually, (together, "Defendants") alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

1. This is a civil action based upon violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the sex discrimination provisions of the **Title VII of the Civil Rights Act of 1964**, as amended ("Title VII"); (ii) the retaliation provisions of **Title VII**; (iii) the sex discrimination provisions of the **New York State Human Rights Law**, New York State Executive Law, § 296 *et seq.* ("NYSHRL"); (iv) the retaliation provisions of the **NYSHRL**; (v) the gender discrimination provisions of the **New York City Human Rights Law**, New York City Administrative Code § 8-107 *et seq.* ("NYCHRL"); (vi) the retaliation provisions of the **NYCHRL**; and (vii) any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 2000(e), *et seq*.

3. The Court has supplemental jurisdiction over all state and city law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PROCEDURAL PREREQUISITES

5. Plaintiff timely filed a complaint, upon which this Complaint is based, with the United States Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated August 17, 2020, with respect to the instant charges of discrimination. A copy of the Notice is annexed to this Complaint as Exhibit A.

7. This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

8. Prior to the commencement of this action, plaintiff served a copy of this complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York, in accordance with N.Y.C. Admin. Code §8-502(c).

## PARTIES

9. At all relevant times herein, Plaintiff was and is a resident of the State of New York. She was and is a "person" and an "employee" entitled to protection as defined by Title VII, the NYSHRL, and the NYCHRL.

10. At all relevant times herein, Defendant HENDEL was and is a partnership, with its principal place of business located at 146 Horton Avenue, Lynbrook, New York 11563.

11. Defendant HENDEL owns and operates a number of McDonald's franchises, including those located at 2240 Flatbush Avenue, Brooklyn, New York 11234 and 1380 Broadway, Brooklyn, New York 11221.

12. At all relevant times herein, Defendant BOUZY was employed by Defendant HENDEL as a manager. In his role as manager, Defendant BOUZY directly supervised certain employees, including Plaintiff. Additionally, Defendant BOUZY had the authority to affect the terms and conditions of Plaintiff's employment.

13. At all relevant times herein, Defendant HENDEL "employs" fifteen and thus one or more "employees," and is thus an "employer" within the meaning of Title VII, the NYSHRL, and the NYCHRL, while Defendant BOUZY is an "employer" and "person" within the meaning of Title VII, the NYSHRL, and the NYCHRL.

## MATERIAL FACTS

14. Defendant owns and operates several McDonald's franchises, including the one at which Plaintiff worked, located at 2240 Flatbush Avenue, Brooklyn, New York 11234.

15. In or about July 2019, Plaintiff, a woman, began working for Defendant as a cashier earning $15.00 per hour and working thirty-four (34) hours per week.

16. As a cashier, Plaintiff's job duties included, but were not limited to, taking orders from customers, and collecting payments from customers.

17. Beginning in or around November of 2019, Defendant BOUZY sexually harassed Complainant.

18. At first, Defendant BOUZY, who was employed by Defendant as a manager, would regularly attempt to hug Plaintiff from behind and rub against her whenever they worked together.

19. Defendant BOUZY engaged in this unwanted touching of Plaintiff about three times per

week.

20. Defendant BOUZY would also squeeze Plaintiff's waist whenever he saw her.

21. Plaintiff asked Defendant BOUZY not to touch her.

22. Despite Plaintiff's request, Defendant BOUZY continued to touch Plaintiff on a regular basis.

23. On or about March 1, 2020, Defendant BOUZY also asked Plaintiff to send him a picture of her. Plaintiff flatly refused.

24. On or about March 15, 2020, after another instance of Defendant BOUZY touching her, Plaintiff again asked Defendant BOUZY to stop touching her.

25. Immediately after Plaintiff asked Defendant BOUZY to stop touching her, he threatened to terminate her employment.

26. Frightened, Plaintiff called her parents and recounted to them what had occurred. Plaintiff's parents advised her to call the police.

27. Defendant BOUZY was subsequently arrested.

28. Shortly after Defendant BOUZY's arrest, Plaintiff received two telephone calls from an unidentified number.

29. Each time Plaintiff answered the anonymous calls, an unidentified male caller threatened her. Specifically, the caller told Plaintiff not to return to McDonald's because BOUZY "didn't deserve that" and they were going to hurt Plaintiff.  Plaintiff did not respond and hung up the phone on each occasion.

30. On or about March 18, 2020, Plaintiff met with a Human Resources (HR) employee, named Michelle.

31. Michelle asked Plaintiff questions such as "Are you sure you weren't coming on to him?" and "Were you leading him on?"

4

32. When Plaintiff denied "coming on to" or "leading on" Defendant BOUZY, Michelle said she was "sorry for asking" and laughed.

33. After the meeting with Michelle, Plaintiff was transferred to another McDonald's store owned by Defendant HENDEL and located at 1380 Broadway, Brooklyn, New York 11221.

34. Although Michelle had informed Plaintiff that she would keep her thirty-four (34) hour per week schedule at the new location, Plaintiff's schedule was decreased first to thirty (30) hours per week, then twenty-five (25) hours per week and finally fifteen (15) hours per week.

35. Thereafter, Plaintiff was taken off the schedule entirely and was informed by Defendant HENDEL that she was given two (2) weeks off, which she did not request.

36. On April 4, 2020, unable to earn a sufficient wage given Defendant HENDEL's drastic reduction of her scheduled hours, Plaintiff had no choice but to resign her employment.

37. Upon information and belief, Plaintiff's gender and the fact that she objected to Defendant BOUZY's sexual harassment motivated him to threaten to fire her and, upon information and belief, cause Plaintiff to receive threatening telephone calls.

38. Upon information and belief, Plaintiff's gender and the fact that she objected to Defendant BOUZY's sexual harassment motivated Defendant HENDEL to transfer Plaintiff and drastically reduce her working hours, resulting in her constructive discharge.

39. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

40. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

41. Additionally, as a result of Defendants' discriminatory treatment of Plaintiff, she has suffered pecuniary loss, severe emotional distress, and physical ailments.

5

42. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

43. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT HENDEL**
*Sex Discrimination in Violation of Title VII*

44. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. 42 U.S.C. § 2000e-2(a)(1), states in relevant part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin[.]

46. As described above, Defendant HENDEL discriminated against Plaintiff on the basis of her sex, in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on her sex.

47. As a result of the unlawful discriminatory conduct of Defendant HENDEL in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and

suffering, for which she is entitled to an award of monetary damages and other relief.

48. The unlawful discriminatory actions of Defendant HENDEL constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT HENDEL
*Retaliation in Violation of Title VII*

49. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> [T]o . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

51. As described above, Plaintiff engaged in protected activities, opposing and reporting Defendant BOUZY's discrimination based on Plaintiff's sex.

52. As described above, after Plaintiff engaged in activity protected by Title VII, Defendant HENDEL took adverse actions against Plaintiff by, *inter alia*, threatening to terminate her and drastically reducing her hours resulting in her constructive discharge, that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

53. As a result of the retaliatory conduct of Defendant HENDEL in violation of Title VII, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and

suffering, for which she is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

54. The unlawful discriminatory actions of Defendant HENDEL constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
*Sex Discrimination in Violation of the NYSHRL*

55. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. Executive Law § 296(1)(a) provides that:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

57. As described above, Defendants discriminated against Plaintiff on the basis of her sex, in violation of NYSHRL, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, harassment of Plaintiff based on Plaintiff's sex. As a result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

58. As a result of Defendants' unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional

distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

59. Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
*Retaliation in Violation of the NYSHRL*

60. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61. Executive Law § 296(7) provides that:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she filed a complaint, testified, or assisted in any proceeding under this article.

62. As described above, Plaintiff engaged in protected activities, including opposing and reporting Defendant BOUZY's discrimination based on Plaintiff's sex.

63. As described above, after Plaintiff engaged in activity protected by the NYSHRL, Defendants took adverse actions against Plaintiff by, *inter alia*, threatening to terminate her employment and drastically reducing her hours resulting in her constructive discharge, that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

64. As a result of Defendants' retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for

9

which she is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

65. Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
*Gender Discrimination in Violation of NYCHRL*

66. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67. The Administrative Code of City of New York § 8-107(1)(a) provides that

> It shall be an unlawful discriminatory practice: for an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service or alienage or citizenship status of any person... to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

68. As described above, Defendants discriminated against Plaintiff on the basis of her gender in violation of the NYCHRL by, including but not limited to, subjecting her to disparate working conditions, and denying her the opportunity to work in an employment setting free of unlawful discrimination and harassment. As a result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

69. As a result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety,

10

loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

70. Defendants' unlawful discriminatory actions constitute violations of the NYCHRL that amount to willful or wanton negligence, recklessness, and involve a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
*Retaliation in Violation of NYCHRL*

71. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72. The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice for an employer "to retaliate or discriminate in any manner against any person because such person has opposed any practices forbidden under this chapter…."

73. As described above, Plaintiff engaged in protected activities, including making internal complaints regarding Defendant BOUZY's discrimination based on Plaintiff's gender.

74. As described above, after Plaintiff engaged in activity protected by the NYCHRL, Defendants took adverse actions against Plaintiff by, *inter alia*, threatening to terminate her employment and drastically reducing her hours resulting in her constructive discharge, that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

75. As a result of Defendants' retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for

which she is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

76. Defendants' unlawful discriminatory actions constitute violations of the NYCHRL that amount to willful or wanton negligence, recklessness, and involve a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages.

## JURY DEMAND

77. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, the NYSHRL, and the NYCHRL and, in that Defendants discriminated against Plaintiff on the basis of her sex and/or gender and retaliated against Plaintiff for complaining about this discrimination;

B. Restraining Defendants from any retaliation against Plaintiff for participating in any form in this litigation;

C. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the

prosecution of the action; and

G.    Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
August 20, 2020

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

_____/s/_____
Marjorie Mesidor
Joseph Myers
45 Broadway, Suite 620
New York, New York 10006
T: (212) 248-7431
F: (212) 901-2107
mmesidor@tpglaws.com
jmyers@tpglaws.com